## Charles Stewart and William N. Barkley, late partners, etc., v. E. Brubaker & Son.

1. PARTNERSHIP—*when, liable for individual member's debt.* Notwithstanding merchandise may be purchased by an individual member of a firm for his sole and personal use, still, if all the members of such firm, with full knowledge of the facts, consent to such purchase as a purchase of the firm, the firm will be estopped from a denial of liability and will be held responsible for the debt so created.

Action commenced before justice of the peace. Appeal from the County Court of Crawford County; the Hon. AUSBY L. LOWE, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1903.

BRADBURY & McHATTON, for appellants.

MAXWELL & JONES, for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace, of Crawford County, by appellees against appellants' firm, to recover for coal sold and delivered. From the judgment rendered in the justice court, the case was appealed to the County Court, where trial was had by jury, resulting in a verdict and judgment in favor of appellees for $23.75.

This little case turns upon one controverted question of fact. Appellees contend that the coal was sold to the firm of Stewart & Barkley, with the full knowledge and express consent of both members of the firm. Appellant contends that the coal was not sold to the firm, but that it was sold to Barkley, one of the members of the firm, for his individual use. While there is conflict and contrariety of evidence, there is no lack of evidence to support appellees' contention, and the jury was warranted in its finding.

The law is, that although goods may be bought for the sole use of an individual member of a firm, still, if all the members of such firm with full knowledge of the facts, consent to such purchase as a purchase of the firm, the firm will be estopped from denying liability.

Counsel for appellant complain of one of the instructions given. The instructions in behalf of the respective parties are in no sense repugnant, and should therefore all be considered together, as one series. When so considered they are free from any error prejudicial to appellant.

The judgment of the County Court of Crawford County is affirmed.

*Affirmed.*